UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DENNIS OWEN JONES,<br><br>Plaintiff,<br><br>vs.<br><br>HIRSCHBACH MOTOR LINES, INC., AN IOWA CORPORATION; AND CHARLES RANDALL MULKEY,<br><br>Defendants. | 1:21-CV-01004-MAM<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |

In this diversity/consent case, Dennis Owen Jones, sued Hirschbach Motor Lines, Inc. and Charles Randall Mulkey, after being injured in a motor vehicle accident. Mulkey moved for partial summary judgment, asserting that Jones violated certain safety statutes and, by doing so, breached one of more duties as a matter of law – that is, was negligent. The Court agrees and grants summary judgment for Mulkey to this extent (leaving open the issues of proximate cause, contributory negligence, and liability, if any, for the jury to sort out later on).

**JURISDICTION, VENUE, AND CONSENT**

The Court has subject matter jurisdiction based on diversity of citizenship and an amount in controversy of more than $75,000, exclusive of interest and costs.[1] The Court also has personal jurisdiction over the parties because one of them—Jones—resides in

---

[1] *See* 28 U.S.C. § 1332(a).

South Dakota and because the accident occurred in the state. Venue is proper as well given the location of the accident.[2] And the parties consented to the Court conducting all proceedings in the case and entering a final judgment.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a crash between two sets of vehicles the afternoon of March 3, 2020 in rural Brown County, South Dakota.[4] Jones was operating a 1981 John Deere 4440 tractor and pulling a Buffalo Equipment Kwickcutter 379 feed wagon westbound in the right lane of U.S. Highway 12, between Groton and Aberdeen.[5] Jones guessed he was traveling 24-25 mph (the top end speed for the tractor).[6] He did not have a slow-moving vehicle (SMV) emblem or either tail or brake lights on the feed wagon.[7] Mulkey was driving a 2018 Freightliner Cascadia semi-truck, with a trailer attached to it, behind Jones in the same lane of the Highway.[8] As Jones attempted to

---

[2]*See* 28 U.S.C. § 1391 (b)(2).

[3]Docket Nos. 24, 25; s*ee also* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73 (consent to jurisdiction of magistrate judge in civil matter).

[4]Docket No. 21, ¶ 2.

[5]*Id.*

[6]Docket No. 43 at 2; Jones Dep. 14:9-21; 15:16-19 (Dec. 9, 2021).

[7]Docket No. 21, ¶ 2; Docket No. 43 at 2.

[8]*Id.*

turn right to go north on 397th Avenue, Mulkey collided with the rear end of Jones's wagon.[9]

Jones initiated an action against Mulkey, alleging that Mulkey was negligent in the operation of the semi-truck, which caused Jones to suffer damages.[10] Mulkey counterclaimed, making various negligence allegations, including that Jones had breached his duty of care by not displaying a SMV emblem on the feed wagon and by failing to equip the wagon with functioning tail and stop lamps.[11] Mulkey has now moved for partial summary judgment on this (the negligence as a matter of law) portion of his counterclaim.[12]

## SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying… the part of each claim… on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] The moving party has the initial burden of establishing the absence of a genuine issue of material fact and entitlement to judgment

---

[9] Docket No. 43 at 2; Jones Dep. 19:17-25.

[10] Docket No. 1.

[11] Docket No. 14.

[12] Docket No. 29.

[13] Fed. R. Civ. P. 56(a).

as a matter of law.[14] Once the movant has met this burden, the non-moving party must establish that a material fact is genuinely disputed either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence… of a genuine dispute."[15] When ruling on a motion for summary judgment, the facts and inferences drawn from them "must be viewed in the light most favorable to the party opposing the motion."[16]

## DISCUSSION

### A. Negligence as a Matter of Law

Mulkey's counterclaim, and his partial summary judgment motion, seek relief against Jones based on a negligence theory.[17] South Dakota substantive law therefore applies because the motor vehicle accident occurred in the state and the Court has diversity jurisdiction.[18]

---

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[15] Fed. R. Civ. P. 56(c)(1)(A), (B).

[16] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) *(per curiam))*.

[17] Docket No. 14 at 3-4.

[18] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72-73 (1938); *see also Hammonds v. Hartford Fire Ins. Co.*, 501 F.3d 991, 996 n. 6 (8th Cir. 2007) ("We apply South Dakota substantive law because this diversity action was brought in the District of South Dakota, and the district court sitting in diversity applies the substantive law of the state in which it is located.").

"Under South Dakota law, there are three elements to a negligence claim: (1) a duty on the part of the defendant; (2) a breach of that duty; and (3) a legal or proximate injury resulting from that breach of duty.[19] As a general rule, "issues of negligence… and proximate cause are [ ] ordinarily questions of fact and it must be a clear case before a trial judge is justified in taking these issues from the jury."[20] An exception to this rule, however, applies "when reasonable people can draw but one conclusion from facts and inferences that they become a matter of law…."[21]

Jones does not contest that, as the driver of a tractor and feed wagon on a state highway, he had a duty to traveling motorists. The only question is whether he breached his duty, by violating specific motor vehicle statutes, and was negligent as a matter of law.

A long line of cases establishes that a "[v]iolation of a safety statute is negligence as a matter of law unless it is legally excused."[22] When a party admits to a safety statute

---

[19]*Esterling v. McGehee*, 102 F. Supp. 3d 1116, 1119 (D.S.D. 2015) (citing *State Auto Ins. Cos. v. B.N.C.*, 2005 S.D. 89, ¶ 20, 702 N.W.2d 379, 386).

[20]*Luther v. City of Winner*, 2004 S.D. 1, ¶ 24, 674 N.W.2d 339, 348.

[21]*Mitchell v. Ankney*, 396 N.W.2d 312, 313 (S.D. 1986).

[22]*Esterling*, 102 F. Supp. 3d at 1120 (collecting cases); *Dartt v. Berghorst*, 484 N.W.2d 891, 896 (S.D. 1992) (setting forth the rule, identifying the four categories of excusable safety violations, and pointing out that "[n]oncompliance must be caused by circumstances beyond the driver's control and not produced by his own misconduct").

5

violation, negligence per se is established.[23]

Jones argues that (1) he did not violate the emblem and lamp statues cited in the counterclaim, but if he did, any such violations were not the proximate cause of the accident; and (2) the statutes were not safety enactments designed to protect someone like Mulkey.[24] Jones's arguments are untenable and do not defeat the entry of partial summary judgment in Mulkey's favor—on the duty and breach elements of his negligence counterclaim.

1. **SMV Emblem**

Jones admits he was pulling a feed wagon on a public highway, which lacked any SMV emblem on the rear of it,[25] with a tractor at 24-25 mph, the tractor's maximum speed. State law requires that all farm machinery, driven or designed for operation at 25 mph or less, have a SMV emblem mounted and displayed on the rear in such a position

---

[23] *Baddou v. Hall*, 2008 S.D. 90, ¶ 27, 756 N.W.2d 554, 561; *see also Harmon v. Washburn*, 2008 S.D. 42, ¶ 14, 751 N.W.2d at 301 ("Based on the testimony it is undisputed that Washburn violated the statute and was negligent per se…. It was error for the trial court not to grant [] judgment as a matter of law on the issue of Washburn's negligence.").

[24] Docket Nos. 43, 49.

[25] Jones Dep. 32:20-33:4.

and condition to be clearly visible.[26] Although Jones had a SMV emblem on his tractor, the wagon blocked the emblem from sight.[27] Either way, Jones violated the SMV statute.

## 2. Lights and Reflectors

Under state law, every motor vehicle and trailer must be equipped with at least two tail lamps mounted on the rear or, for farm equipment drawn at the end of a train, two four-inch reflectors instead of lighted lamps.[28]

In Jones's case, the rear most trailer or farm vehicle--the feed wagon--did not have the hardware that complied with the tail lamp and reflector law.[29] Reflector tape is not an allowable substitute especially without any claim that the tape "exhibit[s] a red light plainly visible from a distance of five hundred feet to the rear."[30]

## 3. Stop Lamps

State law provides that if a motor vehicle does not have a SMV emblem, then it must have at least two stop lamps, one on each side.[31] Jones did not have stop lamps on

---

[26] SDCL § 32-15-20.

[27] Jones Dep. 33:22-34:9.

[28] SDCL § 32-17-8.

[29] Jones Dep. 17:17-22; 18:19-22.

[30] SDCL § 32-17-8.

[31] SDCL § 32-17-8.1.

the feed wagon[32] and violated the law. His assertions that he did not have to have them are unavailing.

Jones's feed wagon needed the stop lamps because the wagon had no SMV emblem on it. The stop lamp law includes motor vehicles and trailers[33] and the wagon is, by definition, a trailer.[34]

His tractor is also a motor vehicle. A tractor is a "self-propelled" vehicle[35] designed and mainly used as a farm implement for drawing plows, mowing machines, and other implements.[36] Both the tractor and wagon had to be equipped with side stop lamps. Because the wagon had no lamps, it was in derogation of the law.

**B. Safety Statutes**

Jones contends that the statutes mandating the SMV emblem, taillights (or four-inch reflectors), and stop lights are not safety statutes.[37] Such an argument is sophistic and defies both logic and common sense. If these statutes were not designed with safety

---

[32] Jones Dep. 17:17-22; 18-19-22.

[33] *Id.*

[34] SDCL § 32-14-1 (36) (defining "a trailer" as a "vehicle without motive power designed for carrying property… on its own structure and for being drawn by a motor vehicle").

[35] SDCL § 32-14-1 (17).

[36] SDCL § 32-14-1 (10).

[37] Docket No. 49 at 2-10.

in mind, then why were they enacted – for what purpose?[38] The purpose, as the Court sees it, is self-evident: to promote safety and protect the public from the consequent risks and perils of SMVs and trailers—such as those used in farming operations—moving about on South Dakota's roadways. This view tracks with state court decisions, and cases interpreting them, which hold that an admitted violation of a motor vehicle law is negligence per se.[39]

## C. Restatement Standard

Whether South Dakota has adopted the Restatement (First) of Torts §286 (1934) as the benchmark for determining when a statute sets forth the relevant standard of care is a debatable question. Although a couple of federal courts may have suggested this,[40] the South Dakota Supreme Court has never quoted, analyzed, or applied §286, or its provisions in any reported case, much less ratified it as the governing standard. §286 appears in one case the Supreme Court decided, nearly 60 years ago, at the end of a

---

[38]*See Thompson v. Summers*, 1997 S.D. 103, ¶ 16, 567 N.W. 2d 387, 393.

[39]*See* e.g. *Esterling*, 102 F. Supp. 3d at 1120 (stop sign violation); *Harmon*, 2008 S.D. 42, ¶¶ 13-14, 751 N.W.2d at 301 (turn signal violation); *Dartt*, 484 N.W.2d at 894-95 (lane driving violation); *Albers v. Ottenbacher*, 116 N.W.2d 529, 531 (S.D. 1962) (equipment violation—defective brakes); *McDonnel v Lakings*, 99 N.W.2d 799, 801 (S.D. 1959) (following too closely); *see also Shaffer v. Fite*, 629 N.E.2d 483, 486 (Ohio Ct. App. 1993) (violation of statute requiring agricultural tractors to be equipped with red taillights at nighttime and farm machinery to display triangular SMV emblem when operating on highway is negligence per se).

[40]*See Cup O' Dirt, LLC v. Badlands Airtime, LLC*, No. 4:19-cv-04031-KES, 2021 WL 680173, at *8 (D.S.D. Feb. 22, 2021); *Appley Bros. v. United States*, 924 F. Supp. 944, 961 (D.S.D. 1996), *aff'd*, 164 F.3d 1164 (8th Cir. 1999).

string citation and after a *see also* signal.[41] And in the only other case, Comment C to §286 is cited in the dissent.[42] These two passing references are hardly definitive endorsements of §286 and its criteria.

Yet even if §286 applies and sets forth the controlling standard for negligence per se issues in South Dakota, the three safety statutes just mentioned are all designed to protect the class of persons that includes Mulkey, as well as the interests, harms, and hazards involved in this case.[43] The violation of these statutes thus is itself sufficient to prove a breach of duty and establish negligence as a matter of law.[44] The statutes became the standard of care and rule of the ordinarily careful and prudent person.[45] Of

---

[41] *See Albers*, 116 N.W.2d at 531 (mentioning §286 after observing that "[w]hen the standard is thus fixed and its measure defined, the omission of that duty is negligence in and of itself" and citing six cases).

[42] *See Boe v. Healey*, 168 N.W.2d 710, 717 (S.D. 1969) (Roberts, J., dissenting).

[43] *See Albers*, 116 N.W.2d at 531 ("The violation of a statute [], designed for the benefit of individuals, is of itself sufficient to prove such a breach of duty as will sustain an action for negligence brought by a person within the protected class…."); *see also Cup O' Dirt*, 2021 WL 680173, at *8 (because SDCL § 54-8-22, when analyzed under §286, was designed to protect creditors like plaintiff, violation of the statute is negligence per se).

[44] *Hendrix v. Schulte*, 2007 S.D. 73, ¶ 18, 736 N.W.2d 845, 849; *see also Cup O' Dirt*, 2021 WL 680173, at *8 ("In negligence per se, the statute establishes the duty and violation of the statute establishes the breach.").

[45] *Hendrix*, 2007 S.D. 73, ¶ 17, 736 N.W.2d at 849; *Alley v. Siepman*, 214 N.W.2d 7, 9 (S.D. 1974)*.*

course, while the violated statutes provide the requisite duty and breach, Mulkey must still prove causation and damages to prevail on his counterclaim.[46]

**D. Proximate Cause**

Jones's arguments about proximate cause[47] miss the mark and do not defeat the entry of partial summary judgment. Granted, the violation of a safety statute is not sufficient, itself, to render a party liable for damages without proof that the violation was the proximate cause of the plaintiff's injury.[48] But the violation, if not legally excused, is negligence of a matter of law.[49]

To its credit, the state's highest court has acknowledged using the terms "negligence" and "liability" rather "loosely" in earlier cases.[50] "Negligence" can have differing applications. It may refer to the failure to exercise the standard of care of a reasonably prudent person in a similar situation. It may also refer to the tort and its elements (duty, breach, and causation of injury). "Negligence as a matter of law," or

---

[46] *Cup O' Dirt*, 2021 WL 680173, at *9.

[47] *See* Docket No. 43 at 4-12.

[48] *See Stensland v. Harding Co.*, 2015 S.D. 91, ¶ 10, 872 N.W.2d 92, 95-96; *Thompson*, 1997 S.D. 103, ¶ 18, 565 N.W.2d at 394; *see also Hertz Motel v. Ross Signs*, 2005 S.D. 72, ¶ 12, 698 N.W.2d 532, 535 (even if defendant's actions constituted negligence per se, liability depends upon the negligence causing the fire and being the proximate cause of the damages).

[49] *Esterling*, 102 F. Supp. 3d at 1121.

[50] *Stensland*, 2015 S.D. 91, ¶ 11, 872 N.W.2d at 96.

"per se," does not necessarily mean that all of the constituent parts of a negligence claim have been proven.[51]

Mulkey focuses on the standard of care aspect of negligence, not the elements necessary to recover damages, which include proof of causation. He does not ask for judgment as a matter of law on the "whole tort" of negligence, but only on two of its elements (duty and breach of duty).

E.  **Public Duty Rule**

Jones conflates public duty liability principles with those involving negligence per se and violations of safety statues. He cites a pair of cases[52] that are inapposite. They both concern the liability of a governmental entity to a particular class of persons the entity assumes a special duty over when it passes laws but does not enforce them.[53] Neither case addresses, nor sheds any divergent light on, whether a vehicle driver breached a duty, as a matter of law, by disregarding safety statutes. The public safety rule, discussed in the two cases, has no applicability to a collision, like the one here, between two individuals who owe duties to each other (and others) while driving on a highway.

---

[51]*Id.; see also Cup O' Dirt*, 2021 WL 680173, at *9 (a negligence per se claim requires proof of causation and damages).

[52]*Tipton v. Town of Tabor*, 538 N.W.2d 783 (S.D. 1995); *Hagen v. Sioux Falls*, 464 N.W.2d 396 (S.D. 1990).

[53]*Tipton*, 538 N.W.2d at 785-86; *Hagen*, 464 N.W.2d at 397-400.

### F. Other contentions

Jones raises several other contentions, none of which are persuasive. The SMV emblem is not just for the nighttime driver.[54] The emblem statute does not distinguish between day and night. The statute's purpose is to prevent rear end collisions with SMVs.

Jones's factual contentions relate to the reasonableness of his and Mulkey's actions, proximate cause, contributory negligence, and liability.[55] Mulkey does not seek to have the Court pass on these issues. And for good reason. They are ones for the jury to decide at trial, based on the evidence.[56] At this point, all Mulkey asks for is a determination that Jones violated safety statutes and thus breached legal duties (was negligent per se).

## CONCLUSION

The SMV, tail lamp/reflector, and stop lamp laws[57] are safety statutes that regulate the equipment people must have when driving on a highway in South Dakota.

---

[54] *See* Docket No. 49 at 5 (where Jones maintains "the statute [SDCL § 32-15-20] intends nothing more than that a night-time driver of a slow-moving vehicle display the reflective triangle to alert the general public of the reduced speed").

[55] *See* Docket No. 43 at 8-12; Docket No. 49 at 7-9.

[56] *See Nicolay v. Stukel*, 2017 S.D. 45, ¶¶ 20-21, 900 N.W.2d 71, 79 (in snow fog rear end accident, reasonableness of trailing driver's actions, causation, contributory negligence of lead driver, and liability are fact questions for the jury to resolve).

[57] SDCL § 32-15-20; SDCL §§ 32-17-8-8.1.

They set the standard of care and what a reasonable prudent person must do when operating a vehicle. No genuine issue of material fact exists as to whether Jones violated these laws without a legal excuse. His violations constitute breaches of the duties he owed to Mulkey and are negligence as a matter of law (per se). Mulkey is therefore entitled to partial summary judgment on this basis.

## ORDER

For the reasons discussed above, it is

ORDERED that Mulkey's motion for partial summary judgment regarding Jones's negligence[58] is granted.

Dated this 2nd day of March, 2022 at Pierre, South Dakota.

BY THE COURT:

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[58] *See* Docket No. 29.