# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# NORTHERN DIVISION

| | |
|---|---|
| DENNIS OWEN JONES,<br><br>Plaintiff,<br><br>vs.<br><br>HIRSCHBACH MOTOR LINES, INC., AN IOWA CORPORATION; AND CHARLES RANDALL MULKEY,<br><br>Defendant. | 1:21-CV-01004-MAM<br><br><br><br>OPINION AND ORDER AWARDING SPOLIATION SANCTIONS AND ATTORNEY'S FEES |

In ruling on Plaintiff, Dennis Owen Jones's (Jones) motion to compel answers to interrogatories and document requests, the Court ordered Jones and Defendant, Hirschbach Motor Lines, Inc. (Hirschbach), to brief the issues of spoliation and sanctions involving a specific document request.[1] That request sought all statements taken that pertained to the disputed vehicle accident no matter what form they were in.[2] Hirschbach deleted certain investigative phone recordings after Jones wrote and asked the company

---

[1] Docket No. 68.

[2] Docket No. 55-2.

to preserve accident-related information.[3] Having considered both parties' briefs and submissions,[4] the Court grants spoliation sanctions.

## BACKGROUND

This case revolves around a collision between two sets of vehicles, the afternoon of March 3, 2020, on a highway in rural Brown County, South Dakota.[5] Jones was operating a tractor and pulling a feed wagon.[6] Defendant, Charles Randall Mulkey (Mulkey), was driving a Hirschbach semi-truck, with a trailer attached to it, behind Jones in the same lane of the highway.[7] As Jones began to turn right, Mulkey collided with the rear end of Jones's wagon.[8]

After the accident that same day, one of Hirschbach's managers, Joseph Karberg, communicated with Mulkey's wife, Damian Bahr, first responders, and others,[9] about the crash on Hirschbach's recorded landline office telephone. By its own policy, Hirschbach

---

[3] Docket No. 62-2 at 14-15.

[4] Docket Nos. 73-76.

[5] Docket No. 21, ¶ 2.

[6] *Id.*

[7] *Id.*

[8] Docket Nos. 43 at 2; 32-1 at 19.

[9] Docket No. 75-1 (call log).

2

records inbound and outbound calls and then automatically deletes the recordings after six months.[10]

On August 25, 2020 – less than six months after the collision – Jones's counsel sent his Hirschbach counterpart a letter requesting preservation of, among other things, "all logs, reports, or records regarding the collision . . . ," "[s]tatements of any and all witnesses taken after the collision . . . ," and all "electronically stored information ('ESI') and other data or information generated by and/or stored on [Hirschbach's] computers and storage media . . . ."[11] The letter also directed that Hirschbach (1) "take all steps necessary to prevent the destruction, loss, . . . or alteration of any . . . ESI"; (2) "initiate a litigation hold for potentially relevant ESI"; (3) "secure and audit compliance with that [] hold"; and (4) "preserve any means necessary to access . . . and (if necessary) reconstruct any ESI."[12] "Adequate preservation of ESI," the letter said, "requires intervention to prevent loss due to routine operations" and for Hirschbach to "employ proper techniques to safeguard all such evidence."[13]

---

[10] Docket Nos. 62-2 at 14-15 (affidavit of Austin Curtis, IT director for Hirschbach); 76 at 2 (affidavit of Brian Kohlwes, Hirschbach's general counsel and chief risk officer).

[11] Docket No. 65-4 at 2.

[12] Docket No. 65-4 at 2-3.

[13] Docket No. 65-4 at 2.

Nine months later, Jones served Hirschbach with discovery which included Document Request No. 4.[14] That Request asked Hirschbach to produce "all statements taken in connection with the crash, in whatever form [they] exist[ed], i.e. recorded, written, electronic, etc."[15] Hirschbach initially objected to the Request on privilege grounds and said that "no statements have been obtained."[16] When Hirschbach did not timely respond to inquiries and fully comply with requests for information,[17] Jones moved to compel.[18] Hirschbach maintains that its failure to preserve the recordings was inadvertent, unintentional, and did not prejudice Jones.[19] The mistake, Hirschbach says, occurred because Jones never expressly requested that the recordings be preserved and was not done to frustrate the discovery process or suppress the truth.[20]

---

[14] Docket No. 65-5 at 1, 3.

[15] Docket No. 55-2 at 3.

[16] *Id.*

[17] *See* Docket Nos. 54 at 3; 55-1 through 55-8.

[18] Docket Nos. 53-54.

[19] Docket Nos. 75 at 4-5; 76.

[20] Docket Nos. 75 at 4-5; 76.

**DISCUSSION**

### A. Spoliation and Sanctions Authority

Spoliation is "[t]he intentional destruction, mutilation, alteration, or concealment of evidence, usu. a document.[21] A court's power to impose spoliation sanctions comes from the rules of civil procedure or, when the rules are not applicable, from the court's inherent authority under common law.[22] Here, a particular civil rule applies[23] and thus "forecloses reliance on inherent authority."[24]

### B. Legal Standard

Federal Rule of Civil Procedure 37(e) allows a court, in its discretion, to fashion an appropriate remedy for the spoliation of ESI.[25] Before doing so, the court must find that (1) the ESI was lost; (2) the ESI "should have been preserved in the anticipation or conduct of litigation"; (3) a party "failed to take reasonable steps to preserve" the ESI; and (4) the

---

[21] *Spoliation*, Black's Law Dictionary (11th ed. 2019); *see also Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 505 (D.Md. 2009) ("Spoliation is 'the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in a pending or reasonably foreseeable litigation.'") (quoting *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003)).

[22] *E*Trade Sec. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 586 (D. Minn. 2005).

[23] Fed. R. Civ. P. 37(e).

[24] Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

[25] Fed. R. Civ. P. 37(e)(1), (2) advisory committee's note to 2015 amendment.

ESI "cannot be restored or replaced through additional discovery."[26] If the court finds that the party "acted with the intent to deprive another party of the information's use in the litigation," then the court may impose more severe measures than those when only prejudice is found.[27] "The remedy should fit the wrong," and such measures should not be used when the lost information "was relatively unimportant or a lesser measure . . . would be sufficient to address the loss."[28]

### C. The ESI is Lost

Both parties acknowledge that the relevant landline recorded phone calls between Hirschbach employees and witnesses to the accident and its aftermath were automatically deleted.[29] The recordings cannot be resurrected and are lost.

### D. Hirschbach had a Duty to Preserve the Recordings

A party's duty to preserve evidence in its possession arises at the first reasonable sign of litigation.[30] Hirschbach's duty to preserve relevant evidence was triggered when

---

[26] Fed. R. Civ. P. 37(e).

[27] Fed. R. Civ. P. 37(e)(2).

[28] Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment.

[29] Docket Nos. 62-2 at 14-15; 73 at 1; 76 at 2.

[30] *See Swindle v. Christy*, No. 20-06013-CV-SJ-GAF, 2021 WL 5297047, at *9 (W.D. Mo. Mar. 4, 2021) ("Generally, a defendant's duty to preserve evidence is triggered at the time the case is filed, unless the defendant before that time becomes aware of facts from which it should reasonably know that evidence is to be preserved as relevant to future litigation." (citation omitted)); *Blazer v. Gall*, No. 1:16-CV-01046-KES, 2019 WL 3494785, at *3 (D.S.D. Aug. 1, 2019) ("The obligation to preserve evidence begins when a party

6

the crash occurred and most certainly when the company's counsel received Jones's preservation of accident information letter. Although Hirschbach did not have to keep every type of ESI, the company needed to preserve the ESI of its "key player" employees.[31]

Hirschbach's preservation duty encompassed Karberg's phone recordings. As a division manager, Karberg worked with the claims department in the investigation of accidents involving company vehicles, making him a "key player."[32] The deleted recordings from his office contained conversations he had with Mulkey's wife (who allegedly was on the phone with Mulkey at the time of the collision), Bahr, officers on the

---

knows or should have known that the evidence is relevant to future or current litigation." (citation omitted)); *South Dakota Wheat Growers Ass'n v. Chief Industries, Inc.* 337 F. Supp. 3d 891, 914 (D.S.D. 2018) ("[I]f the corporation knew or should have known that the documents would have been material at some point in the future then such documents should have been preserved . . . [A] corporation cannot blindly destroy documents and expect to be shielded by a seemingly innocuous document retention policy.").

[31] *See Swindle*, 2021 WL 5297047, at *11 ("Although a corporate defendant is not required to keep every type of electronic communication, Rule 37(e) extends to 'key players' in its employ likely to have relevant information that could prove useful to an adversary." (citation omitted)); *Alabama Aircraft Indus. v. Boeing Co.*, 319 F.R.D. 730, 741 (N.D. Ala. 2017) ("the duty to preserve evidence extends to those employees likely to have relevant information – the key players in the case, and applies . . . to evidence that might be useful to the adversary"), *aff'd*, No. 20-11141, 2022 WL 433457 (11th Cir. Feb. 14, 2022).

[32] Docket No. 55-9 at 15-16; 74-1 at 10.

scene, and others.[33] Some or all of these conversations could have generated material evidence that Jones could use in the litigation, especially given the Court's previous determination that the information in them was not privileged and protected from disclosure.[34]

### E. Hirschbach Failed to Take Reasonable Steps to Preserve the Recordings

Rule 37(e) only applies if a party failed to take reasonable steps to preserve the lost ESI.[35] When gauging the reasonableness of a party's preservation steps, a court should consider the party's sophistication, the staff devoted to and their familiarity with preservation efforts, and counsel's awareness of the client's information systems and digital data.[36]

Presumably, Hirschbach took no steps to prevent the recordings from automatically deleting under its six-month retention policy.[37] Hirschbach posits that it

---

[33] *See* Docket No. 62-2 at 6-9 (showing, in Karberg's electronic notes, the people he made landline calls to on March 3-4, 2020); *see also* Docket No. 73 at 2 (listing who Karberg called, and talked to, on his landline phone the day of and the day after the accident.).

[34] Docket No. 68.

[35] Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

[36] *Id.*

[37] *See* Docket No. 76 at 2 ("[I]t did not occur to [attorney and chief risk officer Kohlwes] that Hirschbach should preserve any tape-recorded phone conversations which Hirschbach employees may have had with witnesses to [the] accident and its aftermath.").

8

did not know it should have preserved the recordings because Jones's preservation letter was too vague to alert the company specifically to the phone call recordings.[38] Aside from the general duty to preserve, which arose well before the recordings automatically deleted, the preservation letter Hirschbach received prior to the expiration of the six-month retention period specifically referenced ESI, records, and statements of witnesses.[39] Hirschbach had ample notice of its duty to preserve the recordings and could have easily sequestered to them.[40]

What's more, as a nationwide trucking company with 1,700-1,800 drivers, its own IT and claims departments, and in-house counsel,[41] Hirschbach knew, or should have known, of the recorded calls and its duty to preserve the recordings but failed to prevent their destruction.[42] The company recorded all landline calls as a normal business practice, retained the recordings for six months, and had an accident review committee analyze its

---

[38] *See id.*

[39] *See* Docket No. 65-4.

[40] *See Blazer*, 2019 WL 3494785, at *3 (awarding spoliation sanctions where institutional defendant did not prevent automatic deletion of relevant audio and video recordings despite receiving "multiple warnings indicating future litigation" and a deliberate preservation request from plaintiff before the recordings expired).

[41] Docket Nos. 55-9 at 15-17; 74-1 at 10; 76 at 1-2.

[42] *See* Docket Nos. 62-2 at 14-15; 74-1 at 54-55.

9

drivers' recorded calls and statements.[43]  So on a spectrum of sophistication and resources, Hirschbach sits on the higher end.

### F. Restoration Through Further Discovery is Inadequate

A court must next determine whether alternative discovery can satisfactorily replace the lost ESI.[44]  The court may authorize additional discovery under the civil rules,[45] but any efforts at replacement through discovery should be "proportional to the apparent importance of the lost information to claims or defenses in the litigation."[46]

No known backups or means exist to replace the lost phone recordings. Hirschbach did, however, produce Karberg's call log and the brief notes he made in it.[47] And Jones deposed the percipient witnesses to the crash.[48]  But the log, Karberg's notes, and the depositions are no substitutes for the phone calls made within a day of the accident.  Recollections fade and can change.  In the final analysis, the evidence Hirschbach produced and the depositions conducted are not suitable replacements for

---

[43] Docket Nos. 55-9 at 24, 54-55, 62-63; 62-2 at 1-2; 76 at 2.

[44] Fed. R. Civ. P. 37(e).

[45] *See* Fed. R. Civ. P. 16 and 26.

[46] Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

[47] Docket No. 75-1.

[48] Docket No. 45.

the recordings Hirschbach erased. The Court therefore finds that spoliation has occurred and turns to evaluate whether sanctions are appropriate.

### G. Sanctions

A court has the "discretion to choose the most appropriate sanction under the circumstances."[49] There are two sanction pathways. One requires a finding of prejudice to a party from lost information and allows for sanctions "no greater than necessary to cure the prejudice."[50] The other requires a showing of "intent to deprive [a] party of the information's use in the litigation" before dismissing an action or giving an adverse jury instruction.[51]

#### 1. Prejudice

While the Court has discretion to assess prejudice, an evaluation of the lost information's importance in litigation is necessary.[52] Karberg's call log reflects that he talked to Mulkey's wife, Bahr, law enforcement, and others on the recorded landline on, and the days after, the accident.[53] A predominate issue in the case is whether Mulkey was on the phone with his wife and distracted while driving. Because the recordings

---

[49] *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999).

[50] Fed. R. Civ. P. 37(e)(1).

[51] Fed. R. Civ. P. 37(e)(2).

[52] Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

[53] Docket No. 62-2 at 6-9.

provide a complete and verbatim account of who said what and were made right after the crash, they likely have far more relevance and probative value than Karberg's subjective log entries. The loss of the recordings thus prejudices Jones and warrants curative sanctions.

### 2. Intent

A court may order more severe sanctions if it finds that one party *intentionally* deprived another of ESI's use in the litigation.[54] Since intent is rarely proved by direct evidence, the court has "substantial leeway" to determine intent through consideration of circumstantial evidence, witness credibility, motives of witnesses, and other factors.[55] Prejudice need not be shown because it is inferred through the court's finding of intent.[56] Sanctions though should not be imposed when lesser measures can redress the lost ESI.[57]

---

[54] *See* Fed. R. Civ. P. 37(e)(2).

[55] *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007) (quoting *Morris v. Union Pac. R.R.*, 373 F.3d 896, 902 (8th Cir. 2004)) (evaluating intent for Rule 37 sanctions); *see also Auer v. City of Minot*, 896 F.3d 854, 858 (8th Cir. 2018) (intent can be proved indirectly and a party need not find a smoking gun before seeking sanctions). *Alabama Aircraft Indus.*, 319 F.R.D. at 746 (listing the factors under which a party can be found to have acted with an intent to deprive under Rule 37(e)(2)).

[56] Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

[57] *Id.*

Contrary to what Hirschbach claims, Jones's preservation letter encompassed the recorded phone conversations Hirschbach deleted.[58] The letter explicitly included any statements, records, data, and ESI relating to the collision.[59] Hirschbach's claim that the letter was too general and did not put the company on notice to preserve the phone recordings is unfounded. Neither the discovery rules nor the Court will impose a duty of clairvoyance on Jones to itemize a preservation request with the specificity that Hirschbach demands when Hirschbach already had a preexisting – and independent – obligation to preserve collision-related evidence in its possession. Given (1) its internal accident investigation policy (using phone recorded statements to evaluate culpability),[60] (2) its manual call log and note-taking system (distinguishing calls made on the recorded landline versus a cell phone),[61] and (3) the expertise of in-house IT and legal departments[62] (to provide assistance and advice), Hirschbach knew, or at least should have known, of the records' existence, their relevance to likely litigation, and the need – indeed the duty – to preserve them. Hirschbach does not say if anyone reviewed the recordings before they were deleted or if it took any steps at all to preserve them. At any

---

[58] Docket No. 65-4.

[59] *Id.*

[60] Docket No. 74-1 at 54-55.

[61] Docket No. 75-1.

[62] Docket Nos. 62-2 at 14-15; 76.

13

rate, a strong motivation to shift blame and deter liability arose when Hirschbach found out its driver, Mulkey, may have been on the phone with his wife when the accident took place.  Mulkey has disputed[63] being on the phone at the time of the crash which makes Karberg's recorded conversation with Mulkey's wife – and her statements about phone calls with Mulkey – all the more meaningful.  Based on the totality of the circumstances, and inferences reasonably drawn from them, the Court finds that Hirschbach's lack of action (to preserve recordings it had a duty to maintain) was intentional and deprived Jones of evidence for use in litigation.[64]

---

[63] *See* Docket Nos. 73 at 4 (alerting the Court to this dispute); 74-2 (Mulkey's testimony that he had not been talking on the cell phone just shortly before the crash); *but see* Docket No. 75 at 4-5 (stating that this fact is not in dispute because Mulkey admitted he was on the phone to witness Bahr).

[64] *See Swindle*, 2021 WL 5297047, at *6 (finding intentional spoliation of ESI when the court hypothesized that, among other possibilities, defendants inspected their ESI and intentionally disposed of information unfavorable to them); *Blazer*, 2019 WL 3494785, at *5 (finding intent for Rule 37(e) purposes when circumstances showed a "clear lack of action taken by [defendants] following well-defined requests by an attorney for preservation of recordings and documents relevant to likely litigation"); *South Dakota Wheat Growers*, 337 F. Supp. 3d at 914-15 (upon receipt of preservation letter, defendant should have sequestered the relevant documents so that "inadvertent elimination" and prejudice to plaintiff would not occur; as a sanction for the spoliation, adverse inference instruction should be given "allowing the jury to draw an inference that the evidence destroyed would not support [defendant's] claim").

### 3. Adverse Instruction and Reasonable Arguments

Any sanction a court imposes must be proportionate to the wrong committed.[65] Jones's request for a default judgment on the issue of liability[66] goes too far. Instead, the Court finds that a permissive adverse inference instruction is a remedy that is commensurate with the loss of the ESI.[67] The Court will instruct the jury that it may presume the content of the deleted recordings was adverse to Hirschbach, but will allow Hirschbach to deter the effect of such an instruction with reasonable rebuttal.[68] And both parties will be permitted to make reasonable arguments at trial about the destroyed recordings.[69]

---

[65] Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

[66] Docket No. 73 at 11.

[67] *See Blazer*, 2019 WL 3494785, at *5; *South Dakota Wheat Growers*, 337 F. Supp. 3d at 913-15; *see also GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 83-85 (3d Cir. 2019) (affirming district court's refusal to grant a default judgment and decision to impose lesser sanction of permissive adverse inference instruction); *Moody v. CSX Transp., Inc.*, 271 F. Supp. 3d 410, 431-32 (W.D.N.Y. 2017) (adverse inference instruction justified to appropriately address evidentiary gap caused by loss of material evidence).

[68] *See Stevenson v. Union Pac. R. R. Co.* 354 F.3d 739, 750 (8th Cir. 2004) ("A permissive inference is subject to reasonable rebuttal." (citation omitted)).

[69] *See* Fed. R. Civ. P. 37(e) advisory committee's note to the 2015 amendment (allowing parties to make arguments about the lost information as a remedy to cure prejudicial ESI spoliation).

### 4. Attorney's Fees

Among the available sanctions for ESI spoliation, a court may order the spoliating party to pay the aggrieved party's attorney's fees and expenses relating to the ESI loss.[70] The Court finds it appropriate to award reasonable attorney's fees to Jones for the spoliation portion (and only that portion) of his motion to compel.

## CONCLUSION

Hirschbach spoliated evidence – ESI consisting of landline phone recordings – with the intent to deprive Jones of the ESI's use in litigation and the loss of that evidence was prejudicial. Jones is entitled to sanctions in the form of an adverse jury instruction, attorney's fees, and costs.

## ORDER

It is accordingly,

ORDERED that Jones's request for spoliation sanctions is granted in part and denied in part as follows:

---

[70] *Blazer*, 2019 WL 3494785, at *5 (awarding attorney's fees for lost recordings); *Browder v. City of Albuquerque*, 209 F. Supp. 3d 1236, 1244, 1247 (D.N.M. 2016) (observing that court-fashioned spoliation sanctions include attorney's fees and awarding reasonable expenses and fees incurred in bringing spoliation motion); *see also Bistrian v. Levi*, 448 F. Supp. 3d 454, 478 (E.D. Pa. 2020) (citing *Ericksen v. Kaplan Higher Educ., LLC*, No. 14-3106, 2016 WL 695789, at **1-2 (D. Md. Feb. 22, 2016) ("the 'range' of measures a court is authorized to impose under Rule 37(e)(1) is 'quite broad'" and "includes requiring the spoliating party to pay reasonable attorney's fees incurred by the other side in litigating the loss of the ESI").

1. An adverse inference instruction will be given permitting, but not requiring, the jury to presume the content of the deleted recordings was adverse to Hirschbach. Reasonable rebuttal of the presumption, however, will be permitted.

2. Both parties may make reasonable arguments at trial about the erased recordings.

3. Reasonable attorney's fees and expenses, associated with the spoliation issue, are to be paid to Jones. Jones should provide his fee and expense request, along with a detailed accounting, by October 11, 2022.

DATED this 20th day of September, 2022.

                                      **BY THE COURT:**

                                      **MARK A. MORENO**
                                      **UNITED STATES MAGISTRATE JUDGE**